Chief Justice Robertson,
delivered the opinion of the court.
The plaintiffs, in error, moved against Cravens, and others, as his sureties, for a failure, by him, as sheriff, to return a fieri facias within one month after the return day. An officer returned the notice executed on the principal, and all his sureties, except two; andas to these,he returned that they were “no inhabitants.” At the term to which the notice was returnable, the plaintiffs proposed to abate, as to those returned “no inhabitants,” and to proceed to trial against the others. But the court refused to permit an abatement; and because the plaintiffs did not ask a continuance, for the purpose of having a notice executed on all the sureties, the court dismissed their motion.
The liability of the sureties was joint, and, therefore, it was necessary to m we agamst them jointly; (Satton vs. Stark; 1 Mon. 147.) But the mor.on was a suit. The sureties were liable on the official bond, and, therefore, though it urns necessary to institute the suit *384 jointly against all the sureties, a return of “no inhabitants,” as to some of them, authorized an abatement as to them, and a prosecution of the motion against' the others. The sixth section of the act of 1812, (I Dig. 54) applies directly to such a case, as well as to ordinary suits on joint obligations.
On a motion against a sheriff and his sureties, for a failure to return an execution ; a return of "no inhibit ants” as to part of the sureties, will authorize an abatemen t of ire motion, as 10 such non-resident sureties.
Crittenden, for plaintiffs.
Rut the circuit court was of opinion, that there could be no abatement. If, therefore, the motion had been continued, there could not have been a trial at the next, or any future term, unless the notice had, in the mean time, been returned duly executed on all the sureties. or unless the circuit court had changed its opinion. It would have been proper, on the motion of the. plaintiffs, to abate the motion, as to those returned “ no inhabitants.”
Wherefore, the circuit court erred in its judgment, which is, therefore reversed; and the case is remanded for further proceedings consistent herewith.